UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT
                        FORT WAYNE DIVISION

LINDA WOODS,                          )
                                      )
              Plaintiff,              )
                                      )
v.                                    )    Cause No. 1:14-CV-140
                                      )
UNITED STATES OF AMERICA,             )
                                      )
              Defendant.              )

## OPINION AND ORDER

Before the Court is Third Party Employers' motion to intervene pursuant to Federal Rule of Civil Procedure 24. (Docket # 15.) Employers, the worker's compensation insurance carrier for Plaintiff Linda Woods's employer, Kelley Automotive Group, argues intervention is necessary to preserve and protect its lien for the worker's compensation benefits it previously distributed to Woods. Neither Woods nor the Government have objected to Employers' motion, and the time for filing such an objection has now passed; therefore, the matter is ripe for ruling. For the following reasons, Employers' motion will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2006, Woods was involved in a car accident allegedly caused by the negligence of Cody Gull, who at the time of the accident was operating within the scope of his employment with the United States Army. (Compl. ¶¶ 13-16.) At the time of the accident, Woods was working as an employee of Kelley Automotive Group. (Mot. to Intervene ¶ 2.) As a result of the accident, Woods received $109,858.56 in worker's compensation benefits from Kelley Automotive Group's worker's compensation insurance carrier, Employers. *Id.* at ¶¶ 3-4.

Woods filed her notice of tort claim against the United States on December 23, 2006.

(Compl. ¶ 6.) Under Indiana law, however, an "employer's worker's compensation liability for an employee's benefits terminates if the employee settles a claim against a third party for the same injury without first obtaining the employer's consent to the settlement." *Smith v. Champion Trucking Co.*, 925 N.E.2d 362, 363 (Ind. 2010). Accordingly, Woods waited until her worker's compensation claim had been resolved before filing her complaint on May 7, 2014. (Docket # 1.)

On July 11, 2014, Employers filed the instant motion seeking to intervene pursuant to the Indiana Worker's Compensation Act and Federal Rules of Civil Procedure 24(a) and (b), arguing that intervention is necessary in order to ensure that its interests are adequately protected. (Mot. to Intervene ¶¶ 9-10.)

## II. ANALYSIS

Rule 24 provides for intervention both as of right, and permissively. Under the former, the petitioning party must show: "(1) timeliness; (2) an interest relating to the subject matter of the main action; (3) at least potential impairment of that interest if the action is resolved without the intervenor; and (4) lack of adequate representation by existing parties." *May v. Gale Tschuor Co.*, No. 2:08-CV-172, 2010 WL 1837769, at *8 (N.D. Ind. May 5, 2010).

Employers' motion is timely as it moved to intervene a mere ten weeks after Woods filed her complaint, and there is no indication that any of the parties would be prejudiced by this minimal delay. *See Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (finding that delay of nineteen months from time suit was filed to time intervention was sought was not untimely); *Williams v. Am. Equip. & Fabricating, Corp.*, No. 09-1168, 2010 WL 1881998 (C.D. Ill. May 10, 2010). Moreover, it is equally evident that Employers has an interest in the litigation as "[it] ha[s] paid money related to the injury which is the subject of this action."

*Payne v. U.S. Coating Eng'rs*, No. 87 C 10805, 1990 WL 7141, at *1 (N.D. Ill. Jan. 23, 1990).

As to the third element, although both Woods and Employers have a shared interest in recovering money from the Government, Employers interests are still potentially impaired for at least two reasons. First, Employers' interest is limited to its lien amount of $109,858.56; this constitutes a small part of Woods's possible economic recovery as the Complaint indicates she seeks $2,500,000 in damages. *Williams*, 2010 WL 188998, at *3. Accordingly, "[t]he risk that [Employers' lien amount] could be neglected or discounted is very real." *Id.* Second, Employers' lien amount represents what it has already paid to Woods. "Because she has already received these amounts, she has no financial motivation to expend any effort recovering them for the benefit of" Employers. *Id.*; *Payne*, 1990 WL 7141, at *1 ("Since Wausau has an interest in recovering any money it has paid out which may be awarded to Payne by reason of this lawsuit, failure to allow intervention may impair Wausau's ability to protect its interest in money paid to Payne on behalf of Consolidated.").

Finally, neither Woods nor the Government have objected to Employers' contention that its interests are not represented by either party. *Id.* Accordingly, Employers has satisfied all four elements, and thus, is entitled to intervene as of right.

Alternatively, even if Employers could not intervene as of right, it would be allowed to intervene permissively. Rule 24(b) allows for permissive intervention so long as the motion is timely, and the petitioner "has a claim or defense that shares with the main action a common question of law or fact." Further, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

As stated above, Employers' motion is timely, and its claim is based upon the same questions of law and fact as Woods. Finally, there is no indication from either party that Employers' intervention would cause undue delay or prejudice. *Payne*, 1990 WL 7141, at *1. As such, Employers has satisfied its burden for permissive intervention.

### III.  CONCLUSION

For the reasons stated herein, Employers' Motion to Intervene (Docket # 15) is GRANTED.  This matter is set for a Preliminary Pretrial Conference on August 28, 2014, at 9:00 a.m.  The Court will initiate the call.

SO ORDERED.

Enter for this 7th day of August 2014.

/s/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
